David P. Strauss (SBN 96874)
ds@dstrausslaw.com
**THE LAW OFFICE OF DAVID P. STRAUSS**
501 West Broadway, Ste. 800
San Diego, CA 92101
Telephone: 619-237-5300
Facsimile: 619-237-5311

Attorneys for Plaintiff, KELLY R. BRENNER

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY R. BRENNER, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>XERIS PHARMACEUTICALS, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. '21CV2094 AJB LL<br><br>**COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT [Cal. Govt. Code § 12900 et seq.] AND CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY** |

Plaintiff KELLY R. BRENNER ("Mrs. Brenner" or "Plaintiff"), alleges:

## COMPLAINT

1. Mrs. Brenner brings this action against Xeris Pharmaceuticals, Inc. ("Xeris" or "Defendant") a pharmaceutical company incorporated in Delaware. This action is based, in part, on violations of the California Fair Employment and Housing Act, Cal. Govt. Code § 12900, *et seq.* ("FEHA").

2. The gravamen of this Complaint is that Defendant engaged in religious discrimination and failed to provide Mrs. Brenner a reasonable accommodation following Defendant's granting of Mrs. Brenner's religious exemption to Defendant's mandatory employee vaccination policy. Defendant previously granted Mrs. Brenner a reasonable accommodation for a medical exemption but later refused to provide the very same accommodation for her religious exemption.

## JURISDICTION & VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the value of $75,000, exclusive of interest and costs and is between citizens of different States. This court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Southern District of California under 42 U.S.C. § 2000e5(f)(3), in that the Plaintiff resides within the Southern District; the Defendant maintains significant operations within the Southern District; and the location where the alleged unlawful employment practices took place is within the Southern District.

## PARTIES

### Plaintiff

5. At all times relevant herein, Plaintiff resides in San Diego County and was an employee of Defendant.

/ / /

/ / /

**Defendant**

6. Upon information and belief, Defendant is a Delaware corporation, operating throughout the United States and having its corporate headquarters in Chicago, Illinois. At the time of the events giving rise to this Complaint, Mrs. Brenner was employed by Defendant as a Territory Business Manager servicing accounts in San Diego County and in surrounding jurisdictions.

**STATEMENT OF FACTS**

7. Mrs. Brenner was employed by Defendant for approximately five months. At all times during her employment, Mrs. Brenner performed at an exceptional level with frequent praise from her manager.

8. On August 9, 2021, Xeris's Chief Executive Officer, Paul Edick, sent an email to all employees notifying that as of September 17, 2021, all employees are required to have a COVID-19 vaccination. (See Exhibit A.) The stated purpose of Defendant's vaccine mandate was to, "protect the health and safety of our employees, families [and] customers…." According to Defendant's CEO, each employee's "personal choice" has to take a "back seat" to the best interests of the company.

**Defendant Grants Mrs. Brenner's Medical Exemption and Provides a Reasonable Accommodation**

9. On August 11, 2021, Mrs. Brenner tested positive for COVID-19 and notified Defendant that same day. Following the positive test, Mrs. Brenner requested Defendant provide her with a reasonable accommodation to the vaccine mandate via a medical exemption. (See Exhibit B.) Defendant approved Mrs. Brenner's exemption request on September 7, 2021, approximately one month after she contracted COVID-19. (See Exhibit C.)

10. Pursuant to the medical exemption, Defendant allowed Mrs. Brenner to continue to work and perform her job duties (without a COVID-19 vaccine), as normal, subject to the following conditions: (1) access to Mrs. Brenner's key accounts were not disrupted due to her vaccination status; (2) Mrs. Brenner wear a

face mask during business visitations; (3) Mrs. Brenner submit to weekly COVID-19 testing; (4) Mrs. Brenner complete a health screening questionnaire each day that she works outside the home; and (5) Mrs. Brenner stay at home if she has any symptoms related to COVID-19.

11. Defendant's medical exemption approval explicitly recognized that as an unvaccinated employee Mrs. Brenner did not "pose a direct threat to [herself] or others in the workplace" and that the accommodation provided would not "create an undue hardship for Xeris Pharmaceuticals" otherwise, the exemption accommodation would not be provided.  In short, Defendant determined that even though Mrs. Brenner was not vaccinated, it was safe and reasonable for her to work with these accommodations.

12. For approximately eight weeks, Mrs. Brenner continued to perform all of her job duties, worked in the field, visited doctor offices and followed all of the accommodation requirements without any issues or concerns. At no time was Mrs. Brenner denied access to a medical office or otherwise prohibited from performing her job duties as a result of her vaccination status.

**Defendant Grants Mrs. Brenner's Religious Exemption**

**but Fails to Offer a Reasonable Accommodation**

13. On November 10, 2021, one day before her medical exemption was set to expire, Mrs. Brenner submitted a request for accommodation due to her religious objection to the COVID-19 vaccine and informed Defendant that she was still in possession of COVID-19 antibody protection. (See Exhibit D.)

14. Defendant's Vice President of Human Resources, Kendal J. Korte, called Mrs. Brenner on November 12, 2021, to discuss the matter.  During this phone call, Ms. Korte informed Mrs. Brenner that she would not receive the same reasonable accommodations under a religious exemption as she did under her previously approved medical exemption because: (1) Defendant is a contractor of the federal government and that federal law requires all contractors to be vaccinated; and

(2) Defendant treats medical exemption requests differently from religious exemptions, citing that the latter "is a personal choice." Ms. Korte told Mrs. Brenner that Mrs. Brenner would receive a formal letter regarding the religious exemption request shortly. Mrs. Brenner received the letter a few minutes later.

15. Defendant's November 12, 2021, letter granted Mrs. Brenner's religious exemption request to Defendant's mandatory employee vaccine mandate. (See Exhibit E.) Despite granting her religious exemption, however, Defendant did not allow for testing, masking and other reasonable accommodations as Defendant did in connection with Mrs. Brenner's previously granted medical exemption.

16. Defendant's November 12, 2021, letter stated that Mrs. Brenner will be placed on unpaid leave starting November 16, 2021, and that she is prohibited from returning to work (or getting paid) until such time as she is fully vaccinated, or the company ends its vaccination requirement.

17. Defendant's November 12, 2021, letter stated that Defendant is placing Mrs. Brenner on unpaid leave "based on the nature of your current position and the direct threat of harm you pose to other employees, customers and vendors when you travel for Xeris business by not being vaccinated."

18. Defendant's November 12, 2021, letter fails to explain why, under a religious exemption, Mrs. Brenner presents as a "direct threat of harm" but under a medical exemption granted September 7, 2021, she presented no such risk.

19. On November 13, 2021, Mrs. Brenner informed Defendant that it failed to provide her with a "reasonable accommodation" under the California Fair Employment and Housing Act, Cal. Govt. Code § 12900, *et seq*., and that no "undue hardship" would result, especially given that reasonable accommodations (short of unpaid leave) were previously provided to Mrs. Brenner under a medical exemption and are explicitly recognized as reasonable in the California Public Health Order dated August 5, 2021. (See Exhibit F.) Mrs. Brenner also requested Defendant to reconsider its decision to place her on unpaid leave and, instead, allow her to continue

working in the field, as normal, with the same reasonable accommodations provided under the previously approved medical exemption.

20. On November 15, 2021, Defendant notified Mrs. Brenner that it will not grant the same reasonable accommodations for her approved religious exemption that it did for her medical exemption and that Mrs. Brenner will be placed on unpaid leave starting November 16, 2021. (See Exhibit G.)

21. In sum, Defendant has engaged in religious discrimination by failing to offer the same reasonable accommodations provided under Mrs. Brenner's medical exemption in connection to her religious exemption.

22. Mrs. Brenner's income and other benefits ceased immediately upon being placed on unpaid leave, placing a large burden on her to support her family. On December 14, 2021, Mrs. Brenner obtained a "Right to Sue" letter from the California Department of Fair Employment and Housing (DFEH). (See Exhibit H.)

## FIRST CAUSE OF ACTION

**Discrimination on the Basis of Religious Creed**

**in Violation of the California Fair Employment and Housing Act**

**(Cal. Govt. Code § 12900, *et seq*.)**

23. Mrs. Brenner hereby realleges and incorporates by reference the preceding paragraphs, as though fully set forth herein.

24. Pursuant to the FEHA it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religious creed, sex, or national origin; or (2) to limit, segregate, or classify its employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee, because of such individual's race, color, religious creed, sex, or national origin.

25. Mrs. Brenner was at all times relevant herein an employee and applicant covered by the FEHA, prohibiting discrimination in employment on the basis of religious creed. Defendant was at all times herein an employer for purposes of the FEHA.

26. Mrs. Brenner had a deeply and sincerely held religious objection to receiving a COVID-19 vaccination, and Defendant issued her a religious exemption recognizing that sincerely held belief.

27. Although she received a religious exemption, Defendant discriminated against Mrs. Brenner by placing her on unpaid leave and rejecting several other reasonable accommodations which were less severe, including but not limited to the reasonable accommodations Defendant provided to Mrs. Brenner under her medical exemption.

28. The prima facie case established, the burden shifts to Defendant to show that it offered Mrs. Brenner a reasonable accommodation or if it did not, that doing so would have resulted in undue hardship.

29. Defendant granted Mrs. Brenner a reasonable accommodation for a medical exemption but refused to provide the very same accommodation for her religious exemption.

30. There is no explanation for Defendant's actions other than intentional religious discrimination because the alleged "harm" Mrs. Brenner posed as an unvaccinated employee working under a medical accommodation on November 10, 2021, is identical to the harm Mrs. Brenner posed under a religious accommodation on November 11, 2021. Since Mrs. Brenner's risk profile did not change, she should have been provided the same accommodations for the religious exemption as the medical exemption.

31. Defendant's "undue hardship" defense will fail as a matter of law based on the plain language of Defendant's exemption approval form provided to Mrs. Brenner dated September 7, 2021. (See Exhibit C.) Defendant's approval form states

that accommodations would not be granted if they "create an undue hardship for Xeris" or if an employee poses a "direct threat" to the workplace.  By granting Mrs. Brenner accommodations for masking and COVID-19 testing, Defendant expressly admitted that these accommodations were reasonable and did not present an undue hardship or a direct threat.

32. Defendant's claim of undue hardship is also belied by Defendant allowing Mrs. Brenner to work for eight weeks in the field while wearing a mask and submitting to weekly testing per the medical accommodation without any issue or problem.

33. Defendant's claim of undue hardship is further belied by California's Public Health Order dated August 5, 2021, which permits unvaccinated doctors and nurses to work in California hospitals and health care facilities if they submit to COVID-19 testing and wear a mask. If it is reasonable to allow doctors and nurses to work under these accommodations, then it is reasonable to allow Mrs. Brenner to work under them as well.

34. Mrs. Brenner told Defendant she was being penalized for her religious beliefs, but Defendant refused to address these complaints. Mrs. Brenner was placed on unpaid leave after asserting her religious rights under the FEHA. She was placed on unpaid leave for engaging in protected activity, specifically requesting a religious accommodation under the FEHA and seeking reasonable accommodations thereunder.

35. Mrs. Brenner's religious beliefs and practices were a motivating factor in her being placed on unpaid leave.

36. Mrs. Brenner suffered significant damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

37. Mrs. Brenner is entitled to backpay, front pay, compensatory damages, punitive damages, attorney's fees pursuant to Government Code Section 12965(b),

costs of suit, a declaration that Defendant violated her rights under the FEHA, and an injunction preventing Defendant from enforcing its discriminatory policies.

38. Defendant's above-described acts were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish Defendant and to deter others from engaging in similar conduct. The above-described acts were authorized, ratified, or committed by an officer, director and/or managing agent.

39. Mrs. Brenner is entitled to further relief as more fully set forth below in her Prayer for Relief.

## SECOND CAUSE OF ACTION

**Failure to Provide Religious Accommodation in Violation of FEHA**

**(Cal. Govt. Code § 12900, *et seq*.)**

40. Plaintiff hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

41. The FEHA makes it an unlawful employment practice to fail or refuse to reasonably accommodate the religious beliefs and practices of an employee or prospective employee.

42. Mrs. Brenner suffered significant damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

43. Defendant intentionally violated Mrs. Brenner's rights under the FEHA with malice or reckless indifference.

44. Plaintiff is entitled to further relief as more fully set forth below in her Prayer for Relief.

## THIRD CAUSE OF ACTION

**(Retaliation in Violation of Government Code Section 12940, *et seq*.)**

45. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding paragraphs.

46. Defendant is an employer as defined by Government Code section 12940, et seq.

47. The FEHA makes it unlawful for an employer to retaliate against an employee for exercising any rights protected by the FEHA.

48. Defendant retaliated against Plaintiff because she engaged in conduct protected under the FEHA, including but not limited to, requesting an identical accommodation for her sincerely held religious beliefs as had been previously granted due to her medical condition. Defendant deprived Plaintiff of certain privileges and benefits of her employment, including but not limited to depriving her of earned compensation and constructively terminating her employment, in retaliation for Plaintiff's exercise of her rights that are protected under the FEHA.

49. As a direct and proximate result of Defendant's acts as alleged above, Plaintiff has incurred compensatory damages, including lost past and future earnings and other economic damages, and has necessarily expended sums in the treatment of emotional injuries, in an amount to be ascertained at the time of trial.

## FOURTH CAUSE OF ACTION

### Failure to Prevent Discrimination in Violation of FEHA

**(Govt. Code §12940, *et seq*.)**

50. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

51. California Government Code section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps to prevent discrimination and harassment from occurring."

52. Defendant violated this provision by failing to prevent discrimination, including by constructively terminating Plaintiff's employment on the basis of her religious exemption and by ignoring FEHA law and regulations by refusing to consider a reasonable accommodation for the sincerely held religious beliefs of employees otherwise capable of performing their job duties.

53. As a direct, foreseeable, and proximate result of Defendant's discriminatory acts, Plaintiff has suffered and continues to suffer substantial economic and non-economic losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court.

54. Defendant's above-described acts were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish Defendant and to deter others from engaging in similar conduct. The above-described acts were authorized, ratified, or committed by an officer, director and/or managing agent.

## FIFTH CAUSE OF ACTION

### Constructive Wrongful Termination in Violation of Public Policy

55. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

56. Mrs. Brenner was an employee of Defendant.

57. Defendant constructively terminated Plaintiff's employment on or about November 17, 2021, by placing her on indefinite unpaid leave.

58. California has a fundamental, substantial, and well-established public policy against discrimination in the workplace on the basis of religion, and other classes codified in California Government Code section 12940, *et seq*.

59. Religious discrimination in employment may support a claim of tortious discharge in contravention of public policy. The California Constitution, Article 1, Section 8 states that, "A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin."

/ / /

/ / /

60. Plaintiff is informed and believes and thereon alleges that Defendant was substantially motivated to terminate her employment on the basis of her religion as described herein.

61. Defendant's unlawful discharge of Plaintiff has caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this Court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

62. Defendant's above-described acts were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish Defendant and to deter others from engaging in similar conduct. The above-described acts were authorized, ratified, or committed by an officer, director and/or managing agent.

## **PRAYER FOR RELIEF**

WHEREFORE, MRS. BRENNER respectfully prays this Court grant relief as follows:

A. Award Plaintiff backpay, including past loss of wages and benefits, plus interest;

B. Award Plaintiff her front pay, including future wages and benefits;

C. Award Plaintiff other and further compensatory damages in an amount according to proof;

D. Award Plaintiff noneconomic damages, including but not limited to mental suffering;

E. Award to Plaintiff reasonable attorney's fees and costs of suit pursuant to California Government Code section 12965(b) for her first three causes of action;

F. Award Plaintiff punitive damages;

G. Enjoin Defendant from enforcing its discriminatory policies;

H. Declare that Defendant violated the FEHA; and

- 11 -
COMPLAINT FOR DAMAGES

I. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury in this case.

Dated: December 16, 2021

Respectfully Submitted,
**THE LAW OFFICE OF DAVID P. STRAUSS**

By: */s/David P. Strauss*
Attorneys for Plaintiff, KELLY R. BRENNER

**EXHIBITS TO COMPLAINT**

| Exhibit | Description | Pg. Nos. |
| --- | --- | --- |
| A | August 9, 2021 - Email notifying Xeris employees that as of September 17, 2021, all employees are required to have a COVID-19 vaccination. | 1-3 |
| B | August 30, 2021 - Plaintiff's Request for Accommodation: Medical Exemption from Vaccination following positive COVID-19 test. | 4-6 |
| C | September 7, 2021 - Defendant approved Plaintiff's Request for Accommodation: Medical Exemption from Vaccination. | 7-10 |
| D | November 10, 2021 - Plaintiff's request for a religious accommodation from Defendant's COVID-19 vaccination policy. | 11-14 |
| E | November 12, 2021 - Defendant's letter granting Plaintiff's religious exemption request and notifying Plaintiff that she will be placed on temporary, unpaid personal leave of absence. | 15-16 |
| F | November 13, 2021 – Letter from Plaintiff attaching California Public Health Order dated August 5, 2021. | 17-32 |
| G | November 15, 2021 – Email from Defendant informing Plaintiff that she will be placed on unpaid leave starting November 16, 2021. | 33-34 |
| H | December 14, 2021 - "Right to Sue" letter from the California Department of Fair Employment and Housing (DFEH). | 35-37 |